No. 35,837

CLARENCE A. BOHL, *Appellee,* v. GORDON L. TEALL, HERBERT L. BUNKER and MONTE GANTS, Comprising the KANSAS STATE BOARD OF DENTAL EXAMINERS, *Appellants.*

(139 P. 2d 418)

Opinion filed July 10, 1943.

*A. B. Mitchell,* attorney general, *Eldon Wallingford,* assistant attorney general, *C. Glenn Morris,* of Topeka, and *John A. Etling,* of Kinsley, were on the briefs for the appellants.

*George H. West* and *Patrick W. Croker,* of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment granting a

temporary injunction against the state board of dental examiners to restrain them from enforcing an order revoking plaintiff's license to practice his profession as a dentist.

The temporary injunction was granted on the verified petition of the plaintiff which in part alleged:

"That on or about the 10th day of August, 1942, said board, after a hearing held in Kansas City, Wyandotte county, Kansas, made an order revoking the license of plaintiff to practice dentistry in the state of Kansas, and that said board in issuing said order, acted unlawfully, arbitrarily and oppressively, and without authority of law, and that such order imposes a penalty of such severe nature on plaintiff as to take away from him his right to practice his profession and his means of livelihood, all of which was not contemplated by the laws of Kansas, and that this plaintiff has no adequate remedy at law. That unless restrained and enjoined defendants will inflict upon plaintiff irreparable injury and damage."

Counsel for the defendant board bring this matter here for review, assigning error on the ruling of the trial court and contending that the court had no jurisdiction to grant the temporary injunction, that plaintiff's petition stated no ground for equitable relief, and that plaintiff had an adequate remedy at law by an appeal from the order of the dental board which had canceled his license.

A majority of this court hold that the contentions of counsel for the dental board are correct. G. S. 1941 Supp. 65-1417 denounces as unlawful a number of acts and forbids a licensed dentist to practice them; and by G. S. 1935, 65-1407 the board is given authority to revoke his license. When such order of the board is made it "shall be in force until reversed or modified by the district court or an appellate court on appeal." (G. S. 1941 Supp. 65-1418.)

Note the statutory language that the board's order is to be in force until reversed or modified by the district court. The temporary injunction granted in this case sets at naught that provision of the statute. Counsel for plaintiff cite our recent case of *Capland v. Board of Dental Examiners,* 149 Kan. 352, 87 P. 2d 597, where the validity of similar orders of the dental board canceling the licenses of two dentists was litigated to a conclusion in the district court and in this court by injunction proceedings of like tenor to the case at bar. But in the Capland case the right of the plaintiff to obtain a judicial review of the validity of the dental board's order by injunction proceedings was not questioned. Here it is questioned, and there is no answer to it except to say that the plaintiff's grievance,

if established as alleged, can only be redressed as the statute provides—by appeal.

Counsel for plaintiff challenge counsel for the board to point out the statute which prescribes the mode of appeal. Counsel for the board cite G. S. 1935, 60-3301 which provides that a final order made by any tribunal, board or officer exercising judicial functions may be reversed, vacated or modified by the district court. To this citation, G. S. 1935, 60-3308 and 60-3321 should be added. The latter section is important, particularly in the case at bar where the dental board, exercising its judicial functions, upon payment of the lawful fees therefor, is required to furnish an authenticated transcript of the proceedings leading up to its order canceling plaintiff's license, so that he can properly present his cause to the district court pursuant to the appeal accorded him by the statute (G. S. 1941 Supp. 65-1418).

It may be contended that the dental board does not have authority to exercise judicial functions, that its functions are executive and administrative, and that to clothe it with judicial functions would be a commingling of the powers of government in conflict with the tripartite scheme of government provided by our constitution. (*State v. Johnson*, 61 Kan. 803, 60 Pac. 1068.) A majority of this court reject this view, and hold that since the right to practice dentistry is a statutory privilege and not a natural right, the legislature may provide for the granting and revoking of licenses according to its own good will and pleasure, and that no constitutional inhibition impairs the force of its statutory declaration that the dental board's order revoking plaintiff's license shall be in force until that order is reversed or modified by the judgment of the district court on appeal.

It follows that the temporary injunction of the district court was improvidently granted and should be set aside and that plaintiff's suit for an injunction should be dismissed and the cause remanded with instructions to that effect. It is so ordered.

WEDELL, J. (concurring): I concur in the result reached by the majority. In my opinion it is unfortunate that G. S. 1941 Supp. 65-1418 limited appellee's remedy to an appeal, but our problem is to interpret the then existing statute.

The 1943 legislature clearly recognized the dentist's limited and inadequate remedy under the old law and undertook to correct the

unfortunate condition. It repealed G. S. 1941 Supp. 65-1418 and provided the order of suspension or revocation "shall be subject to judicial review as provided by law." (Laws 1943, ch. 221, sec. 42.)

In further recognition of the limited remedy under the old law and in order to correct that condition the 1943 legislature expressly provided an additional remedy to the complaining dentist by permitting him to bring an action in a court of competent jurisdiction to set aside the order of the dental board on the ground it was unlawful or arbitrary. (Laws 1943, ch. 221, sec. 34.)

Touching the functions of the dental board it is not my position that its functions are strictly judicial but rather that they are administrative and semijudicial, or quasi judicial, in character.

G. S. 1935, 60-3321, expressly provides for the obtaining of transcripts not only from judges of the probate court, justices of the peace and other judicial officers, but also for the obtaining of transcripts from *tribunals* exercising judicial functions. The dental board exercises some functions which are at least partly judicial in character and I think the provisions of G. S. 1935, 60-3321 manifestly were intended to apply to tribunals such as a dental board.

PARKER, J., joins in the foregoing concurring opinion.

DAWSON, C. J. (dissenting): The quoted part of plaintiff's petition set out above alleges a real grievance, which for the nonce must be taken as true. Counsel for the defendant board did not take the trouble to plead to it by motion, demurrer or otherwise. So far as the record shows, they did not even give the trial court a chance to set itself right if it did err in granting the temporary injunction.

I cannot agree that there is an adequate remedy for the plaintiff's predicament in the anomalous procedure for an appeal outlined in the majority opinion. As the matter stands, when our mandate goes down, the plaintiff will have to mark time for a few months at least before he can have his alleged grievance redressed by appeal to the district court, or later in this court. And meantime the dental board's order revoking his license to practice his profession shall remain in force!

Our constitution provides that for injuries suffered in person, reputation or property all persons shall have remedy by due course of law, and justice administered without delay. (Bill of Rights, Kan. Const., sec. 18.) It would be superfluous to add that the broad

guaranties of the fourteenth amendment are to the same effect. As plaintiff's petition stands, its allegations of fact are undenied and must be taken as true. In *Drainage District v. Railway Co.*, 99 Kan. 188, 205-206, 161 Pac. 937, where the scope of the powers of another official board were under consideration, this court said:

"It may . . . be said generally that when the state creates an agency to serve its public needs and confers administrative powers upon it, whatever be the language of the statutes conferring such powers, a just and reasonable exercise of such powers is intended, and the power to make or exercise unreasonable, arbitrary and confiscatory orders is not intended. Such is the spirit of our own bill of rights and of the fourteenth amendment, which have been expounded times without number by this court and by the federal supreme court."

I therefore dissent.

SMITH, J., joins in the foregoing dissenting opinion.

HOCH, J. (dissenting): Joining in the dissent by the Chief Justice and in most part in what is said in the dissenting opinion, I desire to add a brief comment.

The majority opinion holds that under the present statutes, reasonably construed, there is a right of appeal to the district court from the orders of the board. In that I agree. Such an appeal was timely filed in this case and is now pending in the lower court. But it does not follow, in my opinion, that the district court is powerless to exercise its equitable jurisdiction to grant a temporary injunction pending a determination of such appeal upon its merits. It is true that section 65-1418 provides that the board's order shall be in force until "reversed or modified by the district court or an appellate court on appeal." Any valid judgment remains in effect until reversed or modified. But that does not mean that execution may not be stayed pending appeal. And the absence of specific statutory provision for stay of execution in this case should not, and does not in my opinion, abrogate the right to temporary injunctive relief. The majority opinion gives to section 65-1418 a too literalistic and rigid construction. Such a construction makes possible a most unjust result. As to the merits of the instant case we are not informed. The board's action revoking appellee's license to practice dentistry may have been wholly justified. But the trial court which heard the matter decided that appellee should be permitted to continue his practice until the appeal could

be heard. Under the statutory construction here adopted a dentist would have to close his office and seek other means of livelihood during the months—sometimes many months—while awaiting judicial review, no matter how capriciously and arbitrarily the board may have acted, and no matter how extremely technical the alleged violation of the law may have been. In such a situation a respondent certainly has no adequate remedy at law. In spite of that we are here saying that all equitable relief has been cut off. I do not believe the legislature intended any such result, or that the statute compels it.